Filed 12/24/20  Gonzales v. Lind CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THOMAS GONZALES, | B304090 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19LBCV00501) |
| v. | |
| KIMBERLY OLSON LIND, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark C. Kim.  Affirmed.

Baker, Keener & Nahra, Phillip A. Baker for Defendant and Appellant.

Law Offices of Drew F. Teti, Drew F. Teti for Plaintiff and Respondent.

_____

In this case, an attorney represented her client from 2012 to 2018. In 2018, the parties entered into a retention contract that contained a clause by which the parties agreed to seek arbitration of "any dispute" that "arises" regarding "any claim" for negligence or malpractice. In 2019, the client sued the attorney for negligence, fraud, breach of fiduciary duty, conversion, and financial elder abuse. The trial court denied the attorney's motion to compel arbitration on the ground that the arbitration agreement was ambiguous as to whether it applied to disputes arising from pre-agreement events. We agree. Although the words "any" and "arises" are facially unambiguous, in context here, the client had no reason to believe the retention contract applied to transactions from years past. Accordingly, we affirm.

## BACKGROUND

In 2012, Thomas Gonzales retained attorneys Kimberly Lind and Duane Westrup to represent him in an employment related lawsuit. The parties entered into a 2012 written attorney retention agreement and a later oral retention agreement, neither of which contained an arbitration clause. Gonzales lost his lawsuit at trial but prevailed in part on appeal.

In 2018, on the eve of retrial by new counsel (with Lind participating), Lind (but not Westrup) required that Gonzales enter into another attorney retention agreement. It provided, in pertinent part, the following:

> "14. If any dispute arises between you and our firm with respect to or arising from the compensation due to us for our legal services rendered, or costs advanced, herein, or with respect to any alleged attorney negligence and/or malpractice, you and our firm all agree that the dispute

2

shall be submitted to arbitration. As to any claim of alleged attorney negligence and/or malpractice, the results of the arbitration shall be <u>binding</u> upon both you and our firm.

"**NOTE: BY AGREEING TO BINDING ARBITRATION WITH RESPECT TO ANY ALLEGED CLAIMS OF ATTORNEY NEGLIGENCE AND/OR MALPRACTICE YOU ARE WAIVING YOUR RIGHT TO SETTLEMENT OF THOSE DISPUTES BY THE JUDICIAL PROCESS.**"

In 2018, Gonzales's other retained counsel advised him that Lind and Westrup had allegedly committed mis- and malfeasance in handling his first lawsuit.

In 2019, Gonzales sued Lind and Westrup for negligence, fraud, breach of fiduciary duty, conversion, and financial elder abuse. Lind moved to compel arbitration.

Gonzales opposed the motion, arguing the arbitration agreement (1) was procedurally and substantively unconscionable, (2) failed to cover the relevant time period, (3) could not be applied retroactively, (4) was limited to fee disputes, (5) was non-binding, and (6) created a risk of conflicting outcomes with respect to ongoing litigation against Westrup.

The trial court found that the arbitration agreement contained "no clear language" that applied to "both past claims and future claims," but suggested (from the language "[i]f any suit *arises*") a prospective scope only. The court found that plaintiff's claims arose out of the 2013 trial and subsequent appeal, both of which preceded the 2018 arbitration agreement.

3

Finding the agreement ambiguous as to claims arising from pre-2018 events, the court denied Lind's motion to compel arbitration.

Lind appeals.

## DISCUSSION

Lind argues the arbitration agreement unambiguously applies to post-contract claims concerning pre-contract events. We disagree.

"Private arbitration (also called contractual or nonjudicial arbitration) 'is a procedure for resolving disputes which arises from contract; it only comes into play when the parties to the dispute have agreed to submit to it.' " (*Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1218.) "By agreeing to arbitration, parties anticipate a relatively speedy, inexpensive and final resolution, one that may be based on 'broad principles of justice,' rather than strictly the rule of law. [Citation.] Consequently, 'as a general rule courts will indulge every reasonable intendment to give effect to arbitration proceedings.' " (*Ibid.*) But "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (*Atkinson v. Sinclair Refining Co.* (1962) 370 U.S. 238, 241.) The "question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." (*AT & T Technologies, Inc. v. Communications Workers of America* (1986) 475 U.S. 643, 649.) "California law . . . favors enforcement of valid arbitration agreements." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 97.)

"The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.) On the other hand, '[i]f the terms of a

promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it.' " (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264-1265.)  A court faced with an argument that contract language is ambiguous must interpret the language in context.  (*Id.* at p. 1265.)  "This is because 'language in a contract must be construed in the context of that instrument as a whole, and in the circumstances of that case, and cannot be found to be ambiguous in the abstract.' " (*Ibid.*)

When the evidence presented to the trial court was undisputed, we review the court's determination of the validity of an agreement de novo.  (*Parada v. Superior Court* (2009) 176 Cal.App.4th 1554, 1567.)

Here, the parties agreed to arbitrate "any" dispute that "arises" with respect to "any" negligence or malpractice claim.  It is obviously possible to interpret the terms "any" and "arises," in the abstract, as referring inclusively to all disputes incepted after the agreement, including those based on past events.  A typical dictionary, for example, defines "any" as "of whatever kind" or "without restrictions."  (Webster's Collegiate Dict. (10th ed. 1993) p. 53, col. 1.)  And several courts have construed "any" as meaning without restriction or temporal limitation.  (*Desert Outdoor Advertising v. Superior Court* (2011) 196 Cal.App.4th 866, 877 [the words "any dispute" are broad, with "no temporal limitation"]; *Estate of Willis* (1950) 34 Cal.2d 782, 790; *Emmolo v. Southern Pacific Co.* (1949) 91 Cal.App.2d 87, 92.)

Leaving abstract philology behind, however, the arbitration agreement here is easily susceptible of another interpretation, one in which "any dispute" refers only to disputes arising from

future events.  The parties had been transacting for years, through one trial and appeal, to the eve of a second trial, under a retention agreement that apparently satisfied Lind at the time. Gonzales had no reason to think that Lind intended to supplant the agreement retroactively.  On the contrary, with the second trial soon to begin, and with Lind giving no indication that she was thinking retrospectively, Gonzales had every reason to believe that past events had settled into history, and to be exclusively forward looking.  At the very least, Gonzales could expect that if Lind intended to displace their prior arrangement retroactively, she would say so.  In this context, an agreement about disputes that may "arise," which gives no indication of retrospectivity or retroactivity, can reasonably be interpreted as applying only to disputes arising from future events.

Because the agreement is ambiguous in this respect, it cannot be said that Gonzales agreed to arbitrate disputes arising from pre-agreement events.

## DISPOSITION

The order is affirmed.  Respondent is to receive costs on appeal.

NOT TO BE PUBLISHED


CHANEY, J.

We concur:


BENDIX, Acting P. J.            FEDERMAN, J.[*]

---

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6